# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Roselynd Nash,

                Plaintiff,

                                            Civ. No. 09-1437 (RHK/RLE)
                                            **ORDER**

v.

JBPM, Inc., d/b/a Chisholm
Jubilee Foods,

                Defendant.

This is a race-discrimination action brought by Roselynd Nash against JBPM, Inc., d/b/a Chisholm Jubilee Foods ("Jubilee"), a small grocery store located in Chisholm, Minnesota. Nash alleges that Jubilee discriminated against her on October 24, 2006, while she was at the store to purchase groceries. Jubilee now moves for summary judgment, and further seeks dismissal of Nash's claims as a discovery sanction. For the reasons set forth below, its Motion will be granted.

Viewed in the light most favorable to Nash, the relevant facts are as follows. Nash, who is African-American, resides in Hibbing, Minnesota, which is approximately 8 miles from Chisholm. On October 24, 2006, she traveled to Jubilee to purchase groceries. According to the Amended Complaint, Jubilee's employees engaged in the following conduct while she was shopping there: following her through the aisles, "heavily scrutinizing" her, escorting members of her party to the bathroom, requiring pre-approval for her purchase, and calling her racial epithets. Ultimately, she wrote a check for $61.86

worth of groceries and other items and left the store. The store's manager, finding it unusual that someone from Hibbing would purchase such a large quantity of groceries at Jubilee,[1] then contacted American Bank – the bank identified on Nash's check – and was informed that Nash's account was closed. The manager then called the police, and he and a police officer traveled to Nash's residence and repossessed the groceries.

Nash later commenced the instant action, alleging that Jubilee's conduct constituted race discrimination in violation of 42 U.S.C. §§ 1981 (Count I) and 1982 (Count II), as well as the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.11 (Count III). Jubilee now moves for summary judgment. The Motion must be granted if there is no genuine issue as to any material fact and Jubilee is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Jubilee bears the burden of showing that the material facts in the case are undisputed. Id. at 322; Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to Nash. Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997). To survive summary judgment, Nash must show through the presentation of admissible evidence that specific facts exist creating a

---

[1] Jubilee Foods is a small grocery store, akin to a convenience store. Hibbing has two large grocery stores (which are much closer to Nash's home) with lower prices than Jubilee. (Pascuzzi Aff. ¶¶ 3-4.)

genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).  The Court notes that Nash has failed to file an opposition to Jubilee's Motion.

At the outset, Jubilee correctly argues that Nash's Section-1981 claim fails under Eighth Circuit precedent.  In Gregory v. Dillard's, Inc., 565 F.3d 464 (8th Cir. 2009) (*en banc*), our Court of Appeals recognized that most of the matters about which Nash complains – such as extra scrutiny by Jubilee employees – are not actionable under Section 1981.  Id. at 472-76.  This is because the statute, which by its terms concerns the "right . . . to make and enforce contracts," 42 U.S.C. § 1981(a), does not "provide a general cause of action for race discrimination."  Id. at 468.  Rather, only conduct that actually impairs an individual's ability to contract is actionable.  Id. at 468-69; see also id. at 476 (conduct must "'block' or 'thwart' the creation of a contractual relationship"); Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091, 1104 (10th Cir. 2001) ("[A] § 1981 claim . . . must involve the actual loss of a contract interest.").  Most of the conduct alleged by Nash is insufficient because it did not impair her ability to purchase groceries at Jubilee.  See Gregory, 565 F.3d at 468-77 (discussing various types of allegedly discriminatory treatment similar to those asserted here).[2]

---

[2] This is true even of the racial epithets allegedly uttered by Jubilee employees, no matter how reprehensible that conduct might be.  But more importantly, the record indicates that racial epithets were not in fact used.  Jubilee has proffered evidence disputing that any of its employees used racially hostile language (see Panula Dep. Tr. at 55), and Nash has failed to proffer any evidence to the contrary.  At summary judgment, Nash cannot simply rely on the allegations in her Amended Complaint that Jubilee employees used racial epithets – she must offer *evidence* to that effect.  See Fed. R. Civ. P. 56(e)(2).

3

The only conduct alleged by Nash that even arguably falls within Section 1981's ambit is Jubilee's repossession of her groceries. But the Eighth Circuit has held that such conduct cannot support a Section-1981 claim, because "once [a] purchase is completed, no contractual relationship remains." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 854 (8th Cir. 2001). In other words, Jubilee cannot have "deprived [Nash] of the benefit of any contractual relationship, as no such relationship existed when it took the [groceries] away from [her]." Id.

For these reasons, the Court concludes that Nash's Section-1981 claim (Count I) fails as a matter of law and must be dismissed. The Court will dismiss her "parallel" claim under Section 1982 (Count II) for the same reasons. See Daniels v. Dillard's, Inc., 373 F.3d 885, 887 (8th Cir. 2004) (applying similar analysis to claims under Section 1981 and Section 1982, which concerns the right to purchase property).

Next, Jubilee argues that Nash's MHRA claim (Count III) fails because she cannot state a *prima facie* case of discrimination. The Court agrees. In order to state a claim under the MHRA, a plaintiff must proffer evidence indicating that discrimination occurred *because of* the plaintiff's race (or other protected category). E.g., Monson v. Rochester Athletic Club, 759 N.W.2d 60, 63 (Minn. Ct. App. 2009); Harrington v. Nw. Airlines, Inc., No. A03-192, 2003 WL 22016032, at *3 (Minn. Ct. App. Aug. 26, 2003). Nash has not done so here; in fact, she has proffered no evidence at all in response to Jubilee's Motion. Jubilee might escort all of its customers to the bathroom, require pre-approval for all customer checks, or follow all of its customers through its aisles. Absent

4

evidence to the contrary, there is no basis upon which a reasonable jury could conclude that Jubilee's actions – even assuming that they occurred as alleged – were taken *because of* Nash's race.[3]

Finally, even if the Court were disinclined to dismiss Nash's claims on the merits, it would dismiss them as a discovery sanction under Federal Rule of Civil Procedure 37. It is undisputed that Nash failed to appear at her duly-noticed deposition, and she has a history of delaying this litigation, which culminated in a Motion to Compel by Jubilee and, later, the withdrawal of her own counsel due to her failure to cooperate in discovery (see Doc. No. 32). "Federal Rule of Civil Procedure 37(d) allows the district court to . . . dismiss an action if a party fails to appear for his or her deposition." Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (internal quotation marks omitted). Here, Nash has proffered no reason for her failure to appear. In light of this fact and her prior history in this case, the Court concludes that dismissal of her case with prejudice is an appropriate sanction.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Jubilee's Motion for Summary Judgment (Doc. No. 35) is **GRANTED**

---

[3] The same is true of Nash's claims under Section 1981 and Section 1982, each of which requires proof of discriminatory intent. See Daniels, 373 F.3d at 887.

and Nash's Amended Complaint (Doc. No. 3) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: June 9, 2010                              s/Richard H. Kyle
                                                 RICHARD H. KYLE
                                                 United States District Judge